## TODD
### v.
### OZARK TRACTOR & IMPLEMENT CO.
#### No. 1223.

United States District Court
W. D. Missouri, S. D.

Dec. 9, 1953.

Mann, Mann, Walter & Powell, Springfield, Mo., and John Applequist, Mt. Vernon, Mo., for plaintiff.

Farrington & Curtis, Springfield, Mo., for defendant.

REEVES, Chief Judge.

The only question for decision is whether defendant's motion to dismiss should be sustained or, in the alternative, to require the plaintiff to make his complaint more definite and certain.

The facts are that the plaintiff and the defendant entered into a contract whereby the plaintiff, as a dealer, undertook to perform certain free services to people on products distributed by the defendant. It is provided among other things in an extended contract, that the plaintiff as dealer would " * * * furnish service to retail purchasers of Company Products in a manner satisfactory to, and to the extent deemed necessary by, Distributor, including free service as such retail purchasers may be entitled to, if any, under any applicable service policy established, or printed warranty supplied, by Dearborn or Ford Motor Company in connection with any such Products."

In accordance with this provision of the contract, the defendant, instead of directing the plaintiff to render free service to customers as it had a right to do under the contract, assumed the responsibility of issuing letters to customers over the name of the plaintiff. The object was to promote the business of both the plaintiff and the defendant.

Apparently the plaintiff resented the use of his name thus made by defendant and instituted a suit wherein he claims heavy damages, both actual and punitive. Quite clearly the plaintiff is not entitled to recover for the reason that the defendant did for the plaintiff what it had a right to require the plaintiff to do. Furthermore, there is no specification of damages such as contemplated by the rules of this court.

It follows that said motion to dismiss should be sustained and it will be so ordered.